UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| : | |
| : | BANKRUPTCY NO. 17-12488 |
| **Stephanie Dudley,** : | |
| : | |
| Debtor. : | |
| : | |
| _____ : | |

# EQUITABLE OWNERS SHAKEEMA TURNER AND KARELL TURNER'S RESPONSE TO HSBC's MOTION FOR RELIEF

Shakeema Turner and Karell Turner (hereinafter "purchasers"), by and through their attorney, Jennifer Schultz, Esquire, hereby responds to HSBC's motion for relief as follows:

1. Admitted.

2. Admitted in part, denied in part. Shakeema Turner and Karell Turner are equitable owners by virtue of an installment sales contract that was entered into with Debtor on December 3, 2016. A true and correct copy of the contract is attached hereto as Exhibit A. See also *McCannon v. Marston*, 679 F.2d 13, 15 (3rd Cir. 1982) ("The law of Pennsylvania considers a purchaser under a written agreement for the sale of real property to be an equitable owner of that property.")

3. Admitted.

4. Admitted in part denied in part. Purchasers are without knowledge of the payment status of the mortgage. Strict proof is requested of Movant. Purchasers were tendering payments to Debtor until Debtor refused their payments in May 2017. Upon information and belief, Debtor has intentionally forced a default of the mortgage in an attempt to illegally cancel the sales contract with Purchasers. Purchasers are ready, willing, and able to tender all missed payments. Purchasers wish to apply those payments to the Mortgage to cure any delinquency.

5.     Denied. Upon information and belief, the previous mortgage delinquency was cured with a loan modification executed between Movant and Debtor in December 2016. Thereafter, Purchasers were providing the money for the mortgage payments from January 2017 through April 2017. Debtor was current on her payments. There was no pre-petition default, and Movant had no legal basis to initiate foreclosure proceedings pre-petition.

6.     Denied. Purchasers are without sufficient information to response to this allegation.

7.     Denied. Purchasers are without sufficient information to response to this allegation.

8.     Denied. Purchasers are without sufficient information to response to this allegation.

9.     Denied. Purchasers are without sufficient information to response to this allegation.

10.     Admitted in part denied in part. Purchasers are without knowledge of the payment status of the mortgage. Strict proof is requested of Movant. Purchasers were tendering payments to Debtor until Debtor refused their payments in May 2017. Upon information and belief, Debtor has intentionally forced a default of the mortgage in an attempt to illegally cancel the sales contract with Purchasers. Purchasers are ready, willing, and able to tender all missed payments. Purchasers wish to apply those payments to the Mortgage to cure any delinquency.

11.     Denied. Purchasers are without sufficient information to response to this allegation.

12.     Denied. Purchasers dispute the legal fees and costs demanded by Movant on the basis that they are unreasonable, not actually incurred, and inconsistent with Pennsylvania Act 6. Purchasers also challenge any additional fees demanded by Movant to respond to this motion.

Movant refused to communicate with Purchasers to facilitate a reinstatement of the delinquency. Any additional legal fees should be denied as unreasonable.

13. Denied. Purchasers are ready, willing, and able to tender payments to the Mortgage to cure any delinquency. Movant has refused to communicate with Purchasers' legal representative.

14. Purchasers request that the Court instruct Movant to communicate with Purchasers, as equitable owners of the property, and afford them the right to reinstate.

15. Admitted.

16. Denied. Purchasers are ready, willing, and able to tender payments to the Mortgage to cure any delinquency. Movant has refused to communicate with Purchasers' legal representative.

WHEREFORE, Debtor respectfully requests that this Honorable Court enter an Order denying HSBC's motion for relief, entering an Order determining the cure amount and setting reasonable legal fees allowable to Movant, and instructing Movant to communicate with Purchasers and their counsel to effectuate a cure.

August 14, 2017
Date

/s/ Jennifer Schultz
Jennifer Schultz, Esquire
Attorney for Shakeema Turner and Karell Turner
Community Legal Services
1410 W. Erie Ave.
Philadelphia, PA 19140